NORMA J. MALEY, an Infant, by Her Guardian ad Litem, AUSTIN P. MALEY, et al., Plaintiffs, *v.* CHILDREN'S BUS SERVICE, INC., Defendant.

Supreme Court, Trial Term, Bronx County, December 19, 1952.

*Edward A. Sullivan* for plaintiffs.

*Thomas H. Bivin* and *James M. O'Neill* for defendant.

GAVAGAN, J. This is an action to recover for personal injuries and loss of services of the infant plaintiff, alleged to have been sustained while she was being transported from school on a school bus operated by the defendant. The defendant had a written contract with the City of New York under and by the terms of which the defendant undertook and agreed to transport school children attending various schools within fixed termini. The infant plaintiff was a pupil so being transported at the time of the accident, and as to her and children similarly situated the defendant was a carrier for hire, and as such owed to her and others a high degree of care and caution in such transportation.

On January 11, 1952, while defendant was transporting the infant plaintiff, she sustained injury by reason of being struck in the right eye with a paper clip propelled by a rubber band in the hands of one of the boys being similarly transported. The evidence fully sustains the conclusion, and I so find, that, prior to the time the plaintiff ascended the bus, boy pupils were on the street engaged in shooting paper clips at the girl pupils' legs, and that a female companion pupil, while entering the bus, was struck in the leg by one of such clips, causing her to make an outcry; that such rowdyism continued inside the bus while in transit, the boys shooting at the ceiling of the bus and out its open windows, finally culminating in one of the clips striking and penetrating a page of a magazine being read by the infant plaintiff and striking her in the right eye.

I find as a fact that on prior occasions the defendant had notice of those peculiar propensities of the youthful riders, and on one or more occasions returned the bus to the school for such disciplinary action as the circumstances required; that on the day in question the driver did know or should have learned of the actions of the boys prior to their entry into the bus and should have warned them to desist therefrom; that no such warning was given; that while the bus was in transit the acts of the boys continued and that the driver did know of them, or in the exercise of ordinary prudence and care should have learned of them and taken appropriate action to stop such rowdyism.

The failure of the driver to exercise ordinary care, supervision and judgment, under the circumstances, rendered the defendant at common law liable to the plaintiffs in damages. Further, I find and hold that under the provisions of paragraphs 5 and 6 of section 163 of the Regulations of the State Commissioner of Education (N. Y. Official Compilation of Codes, Rules & Regulations, Vol. 1, p. 689; having the force and operation of law), this defendant was under a statutory duty to provide for the care and transport of the children entrusted to its driver, and that the latter, in his conduct on the occasion complained of, failed to meet such requirements, for breach of which the defendant is responsible in damages, if such breach is the proximate cause of the infant's injuries. I find as a fact that his breach is and was the proximate cause of the accident to the infant plaintiff.

The undisputed medical testimony established that the infant plaintiff sustained serious injury to her right eye as a result of the accident; that she suffered a penetrating wound to the right eye and the contents thereof, including a laceration of the cornea with a perforation thereof, a rupture of the iris and an adherence of the iris to the lens, and other concomitant injuries resulting in a permanent impairment of the vision of the eye of about 60%, and a permanent adhesion of the iris to the lens. In addition thereto, the infant plaintiff will eventually be required to undergo an operation for the removal of a traumatic progressive cataract, another injury, the proximate result of the accident.

After weighing all the evidence in the case, I find that the infant plaintiff is entitled to a verdict in the sum of $10,000, and the parent plaintiff is entitled to a verdict in the sum of $3,000, together with the costs and disbursements of this action. Judgment is therefore ordered to be entered in favor of plaintiffs accordingly. The motions made on behalf of the defendant at the close of the entire case are denied with due exceptions. The defendant is granted a thirty-day stay and sixty days to make a case.